UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

PACIFIC COAST FEDERATION OF
FISHERMEN'S ASSOCIATIONS, INC.,

Plaintiff,

v.

CHEVRON CORP., et al.,

Defendants.

Case No.  18-cv-07477-VC

**ORDER DENYING MOTION TO
REMAND**

Re: Dkt. No. 224

The motion to remand is reluctantly denied. The defendants properly removed the case under the Class Action Fairness Act, which permits removal of lawsuits brought under state-law rules similar to Rule 23, the mechanism for bringing federal class actions. This ruling assumes the reader is familiar with the facts, the applicable legal standard, and the arguments made by the parties.

The Pacific Coast Federation of Fishermen's Associations filed a lawsuit on behalf of itself and its members. The complaint identifies the Federation's members as crab fishermen, fishing businesses, and local fishermen's marketing associations along the West Coast. Dkt. No. 1-2 ¶¶ 11, 18, 19. The complaint states that the Federation is not merely suing in its own name or as an assignee, but "in a representative capacity on behalf of its members and the west coast fishing community." Dkt. No. 1-2 ¶ 16; *see id.* ¶ 19. The complaint even defines "plaintiff" to include the Federation's members, not just the Federation itself. Dkt. No. 1-2 ¶ 19. It alleges that the crab fishermen and businesses the Federation represents have suffered financial injuries due to lost fishing opportunities caused by climate change. Dkt. No. 1-2 ¶¶ 11, 19, 172–76, 184, 201.

And the complaint seeks damages from the defendant energy companies for these alleged losses. Dkt. No. 1-2 ¶¶ 189, 203, 216, 227, 238. The complaint thus pleads a representative action authorized by section 382 of the California Code of Civil Procedure. That provision allows a plaintiff to sue and seek relief on behalf of absent parties.

A representative action under section 382 seeking damages on behalf of absent class members resembles a damages class action under Rule 23 of the Federal Rules of Civil Procedure. As the California courts have explained, an action of this type is subject to many Rule 23–like requirements. Common questions of law and fact must predominate over individual issues. *Compare Salton City Area Property Owners Association v. M. Penn Phillips Co.*, 75 Cal. App. 3d 184, 189–90 (1977), *with* Fed. R. Civ. P. 23(a)(2); *id.* (b)(3). The size of the class must be large enough to make joinder impractical. *Compare Association for Los Angeles Deputy Sheriffs v. County of Los Angeles*, 60 Cal. App. 5th 327, 337 (2021), *with* Fed. R. Civ. P. 23(a)(1). And class representatives must give adequate notice to represented members. *Compare Salton City*, 75 Cal. App. 3d at 191, *with* Fed. R. Civ. P. 23(c)(2).

These parallel requirements are designed with similar purposes in mind. They gauge whether the class mechanism is desirable. *Compare Salton City*, 75 Cal. App. 3d at 191, *with* Fed. R. Civ. P. 23(b)(3). And they test whether the class representative can adequately and fairly represent the interests of the class. *Compare Salton City*, 75 Cal. App. 3d at 190–91, *with* Fed. R. Civ. P. 23(a)(4). That's important because, in both contexts, a judgment binds represented members in any future litigation. *Compare* Weil & Brown, Cal. Prac. Guide Civ. Pro. Before Trial Ch. 14-D, *Representative Suits* ¶ 14:222 (Rutter Group 2023), *with Cooper v. Federal Reserve Bank of Richmond*, 467 U.S. 867, 874 (1984). All of this makes the Federation's lawsuit one filed under a state-law equivalent to Rule 23. *Baumann v. Chase Investment Services Corp.*, 747 F.3d 1117, 1121 (9th Cir. 2014). So removal under CAFA was proper. *See* 28 U.S.C. §§ 1332(d)(2), (1)(B).[1]

---

[1] The Federation does not argue that any of the other requirements for CAFA jurisdiction are unmet or that any of the exceptions to CAFA jurisdiction apply.

The Federation emphasizes that its complaint never invoked section 382 and never claimed to satisfy Rule 23–like pleading requirements. But as the Ninth Circuit recently explained in *Canela v. Costco Wholesale Corporation*, the CAFA removal inquiry focuses on the complaint's substance, not formal labels and allegations. 971 F.3d 845, 854–55 (9th Cir. 2020). There, the plaintiff brought a lawsuit under PAGA, which is not a state-law equivalent to Rule 23. *Id.* at 852–53, 855–56. The fact that the plaintiff had styled the complaint as a class action did not make it removable under CAFA. Similarly, the Federation filed a lawsuit that could be brought only as a section 382 representative action, seeking relief that could only be obtained in a section 382 action. The lawsuit did not avoid becoming a section 382 action just because the Federation never cited section 382 or alleged it had satisfied section 382's requirements.

The Federation relies on an earlier Ninth Circuit case with language that could be taken out of context to suggest that a plaintiff can avoid CAFA removal—even where an association or some other private plaintiff seeks damages on behalf of absent class members—simply by drafting a complaint that neither uses the phrase "class action" nor invokes Rule 23–like procedures. *Hawaii ex rel. Louie v. HSBC Bank Nevada, N.A.*, 761 F.3d 1027, 1040 (9th Cir. 2014). But if a plaintiff could avoid removal that easily, it would render CAFA's removal provision meaningless. *See Williams v. Employers Mutual Casualty Company*, 845 F.3d 891, 901 (8th Cir. 2017). And the actual lawsuits removed in *HSBC Bank* were nothing like this one; they were enforcement actions brought by the Hawaii Attorney General in the exercise of the state's police powers. As the *HSBC Bank* court explained, remand was required because a statutory civil enforcement action or a common law parens patriae action by an Attorney General is different from a Rule 23 action. 761 F.3d at 1039. Indeed, to interpret CAFA as requiring removal of a lawsuit brought by an Attorney General in the exercise of the state's police powers would raise serious federalism concerns. *See Nessel ex rel. Michigan v. AmeriGas Partners, L.P.*, 954 F.3d 831, 837–38 (6th Cir. 2020). Although the *HSBC Bank* court went on to note that the Attorney General's complaints did not request class action status or invoke the state's class action requirements, this cannot be understood as dispositive given that the lawsuits were, to begin

with, fundamentally different from a Rule 23 action as a matter of substance. And as *Canela* has since clarified, the substance of the lawsuit is what matters, not the label the plaintiff slaps onto it. 971 F.3d at 854 (refusing to read *HSBC Bank* as determining CAFA jurisdiction based on "whether a plaintiff formally makes class allegations").[2]

The Federation also asserts that Rule 23–like requirements do not apply because it is an association seeking only injunctive relief for its members, not damages. *E.g.*, Dkt. No. 248 at 13:7–14; *see Association for Los Angeles Deputy Sheriffs v. Macias*, 63 Cal. App. 5th 1007, 1022–23 (2021). But that is not what the complaint says. The complaint makes clear—repeatedly—that it seeks damages for injuries suffered by the Federation's members, which the complaint describes as commercial fishermen and fishing businesses.[3]

In truth, what happened here is that the Federation made a mistake. It strongly prefers to be in state court, but it filed a complaint that was removable under CAFA. So now it's trying to walk back the allegations contained in the complaint. But what matters for purposes of removal jurisdiction is not how the plaintiff characterizes its complaint after the fact. Removal jurisdiction is assessed based on the state of affairs at the time of removal. *See Broadway Grill, Inc. v. Visa Inc.*, 856 F.3d 1274, 1277 (9th Cir. 2017). And this complaint is removable, because it is a section 382 action that seeks damages for injuries suffered by absent fishermen and fishing businesses up and down the West Coast.

For the record, the defendants' other grounds for removal all lack merit. All parties agree

---

[2] Moreover, a key feature of *HSBC Bank* is noticeably absent in this case. Unlike the Attorney General in *HSBC Bank*, the Federation did not disclaim class status in its complaint. 761 F.3d at 1042. Instead, it disclaimed class status only after the defendants sought removal. So even if *HSBC Bank* could be read to suggest that a plaintiff, as the master of their complaint, could avoid CAFA jurisdiction by unambiguously disclaiming class status at the outset of the litigation, that holding does not help the Federation here.

[3] At the hearing, counsel for the Federation asserted that the Federation's membership consists only of a dozen or so fishermen's marketing associations. But that is not how the complaint describes the Federation's members. *See* Dkt. No. 1-2 ¶ 18 (defining the Federation as "the largest trade association of commercial fishermen on the West Coast"); *id.* ("PCFFA represents, *inter alia*, crab fishermen and local fishermen's marketing associations."). This discrepancy between the complaint and counsel's assertion at the hearing might suggest that counsel didn't understand who their client was when they filed the complaint, but it does not make the defendants' removal of the complaint under CAFA improper.

that removal based on federal common law, complete preemption, admiralty jurisdiction, federal-enclave jurisdiction, or bankruptcy jurisdiction is now foreclosed by circuit precedent. As for removal under the Outer Continental Shelf Lands Act, a causal chain connecting some of the defendants' alleged petroleum operations on the Outer Continental Shelf to rising greenhouse gas pollution to elevated ocean temperatures to toxic algal blooms to the contamination of crab fisheries to injuries suffered by crab fishermen is too attenuated to support OCSLA jurisdiction. *See City & County of Honolulu v. Sunoco LP*, 39 F.4th 1101, 1112 (9th Cir. 2022). And for the reasons given by Judge Alsup, removal under the *Grable* doctrine based on an anticipated First Amendment defense and removal under the federal officer removal statute also fail. *City of Oakland v. BP P.L.C.*, No. 17-cv-6011-WHA, 2022 WL 14151421, at *5–8 (N.D. Cal. Oct. 24, 2022).

A further case management conference is scheduled for December 1, 2023, at 10:00 a.m. A joint case management statement is due November 28. The parties need not track the format prescribed by the local rules; the Court is interested only in two questions at this point. First, as mentioned at the outset, this motion to remand is denied with some reluctance, because the case includes various claims under state law that are quite novel and that the state courts may be better suited to adjudicate. So the Court is interested in exploring whether, even though removal was proper, there could be some other basis for declining to exercise jurisdiction, considering either the current complaint or a possible amended complaint. Second, to the extent there is no other basis for the Court to decline to exercise jurisdiction over the matter, the Court is tentatively inclined to stay the case pending an appeal of this ruling by the Federation, and would like to hear the parties' views on this issue.

**IT IS SO ORDERED.**

Dated: November 1, 2023

VINCE CHHABRIA
United States District Judge