**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN FRANCISCO DIVISION**

PACIFIC COAST FEDERATION OF FISHERMEN'S ASSOCIATIONS, INC.,

Plaintiff,

v.

CHEVRON CORP.; CHEVRON U.S.A., INC.; EXXON MOBIL CORP.; EXXONMOBIL OIL CORP.; BP P.L.C.; BP AMERICA, INC.; ROYAL DUTCH SHELL PLC; SHELL OIL PRODUCTS CO. LLC; CITGO PETROLEUM CORP.; CONOCOPHILLIPS; CONOCOPHILLIPS CO.; PHILLIPS 66; TOTAL E&P USA INC.; TOTAL SPECIALTIES USA INC.; ENI S.P.A.; ENI OIL & GAS INC.; ANADARKO PETROLEUM CORP.; OCCIDENTAL PETROLEUM CORP.; OCCIDENTAL CHEMICAL CORP.; REPSOL S.A.; REPSOL ENERGY NORTH AMERICA CORP.; REPSOL TRADING USA CORP.; MARATHON OIL CO.; MARATHON OIL CORP.; MARATHON PETROLEUM CORP.; HESS CORP.; DEVON ENERGY CORP.; DEVON ENERGY PRODUCTION CO., L.P.; ENCANA CORP.; APACHE CORP.; and DOES 1 through 100, inclusive,

Defendants.

Case No. 3:18-cv-07477-VC

**JOINT STATUS CONFERENCE STATEMENT**

Action Filed: November 14, 2018

Pursuant to this Court's instruction, Dkt. 249 ("Order"), and in advance of the status conference on November 30, 2023, Dkt. 251, the Parties hereby submit this Joint Status Report.

The Court addressed two questions to the Parties in its order denying Plaintiff's motion to remand: (1) "whether, even though removal was proper, there could be some other basis for declining to exercise jurisdiction, considering either the current complaint or a possible amended complaint"; and (2) whether to stay the case pending an appeal by Plaintiff. Order at 5.

Plaintiff does not intend to appeal the Court's order, and the time to petition for appeal under CAFA has expired. Thus the Parties agree there is no basis for a stay.

Addressing the first question, the Parties have met and conferred and have different positions regarding what the next steps should be. The Parties' respective positions are provided below. The Parties look forward to discussing these issues with the Court at the November 30 status conference.

**Plaintiff's Position**

Plaintiff intends to amend its complaint to (1) clarify that the Federation is suing in its own name and as an assignee of certain identifiable claims, (2) remove representative allegations that the Court found sought recovery on behalf of fishermen and the Federation's members, (3) and affirmatively disclaim recovery on behalf of an absent class. CAFA only applies where "a class action" meets minimum diversity and amount in controversy requirements. 28 U.S.C. § 1332(d)(2). Following amendment, the Complaint will no longer plead a class action, and will not otherwise trigger diversity jurisdiction. *Id.* § 1332.

Following amendment, the Court should decline to exercise supplemental jurisdiction over the amended complaint and remand to state court pursuant to 28 U.S.C. § 1367(c). Under that statute, a district court may exercise abstention if "the claim raises a novel or complex issue of State law." 28 U.S.C. § 1367(c)(1). As the Court recognized in its remand order, this case "includes various claims under state law that are quite novel and that the state courts may be better suited to adjudicate." Order at 5.

Because the Court had original jurisdiction over this case at the time of removal, the supplemental jurisdiction statute applies. Supplemental jurisdiction "applies with equal force to cases removed to federal court as to cases initially filed there." *City of Chicago v. Int'l Coll. of Surgeons*,

522 U.S. 156, 165 (1997). Although "a plaintiff may not compel remand by amending a complaint to eliminate the federal [original jurisdiction] upon which removal was based," such an amendment leaves the court with discretionary supplemental jurisdiction. *Healthcare Ally Mgmt. of Cal., LLC v. Aetna Life Ins. Co.*, No. CV 22-4826 DSF (KSX), 2022 WL 14518731, *3 (C.D. Cal. Oct. 25, 2022); *see also Perez v. Wells Fargo Bank, N.A.*, 929 F. Supp. 2d 988, 1001 (N.D. Cal. 2013) (when an amended complaint no longer raises a federal claim, "[the] action no longer falls within the Court's original jurisdiction," and "supplemental jurisdiction is the only remaining basis for jurisdiction"); *Frlekin v. Apple Inc.*, 2015 WL 435464 (N.D. Cal. 2015) (CAFA jurisdiction eliminated by amended complaint removing diverse parties, leaving only supplemental jurisdiction over "California state-law claims").

Contrary to Defendants' arguments below, the same rules apply in cases removed on the basis of diversity, including CAFA. The opinion in *Ramirez v. C&J Well Serv., Inc.*, No. CV 20-535 PSG, 2020 WL 6802021 (C.D. Cal. Nov. 19, 2020), is highly instructive. The plaintiff there brought multiple individual and putative class claims under California law, and the defendant removed under CAFA. *Id.* at *1. In the course of briefing motions to dismiss, the defendant "produced an arbitration agreement, signed by the parties" that "contain[ed] a class action waiver." *Id.* The plaintiff thus "sought leave to amend its complaint to remove class action allegations," and moved to remand. *Id.* at *1, *2. The court acknowledged the general rule that "in diversity actions, 'events occurring subsequent to removal . . . whether beyond the plaintiff's control or the result of his volition, do not oust the district court's jurisdiction once it has attached'" and that the rule "has been applied to CAFA actions," but observed that "district courts in this Circuit, and the Ninth Circuit itself, have held that dismissal of class claims, rather than denial of class certification, *does* divest the district court of CAFA jurisdiction." *Id.* at *4 (quoting *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 293 (1938)).[1] The court "agree[d]

---

[1] *See Echevarria v. Aerotek, Inc.*, 814 F. App'x 321, 322 (9th Cir. 2020) ("The district court correctly determined that CAFA jurisdiction does not apply to Echevarria's remaining PAGA claim once he voluntarily dismissed the class action claims. . . . The district court was therefore limited to supplemental jurisdiction over the PAGA claim."); *Jimenez v. Young's Mkt. Co.*, No. 21-CV-02410-EMC, 2021 WL 5999082, at *3 (N.D. Cal. Dec. 20, 2021) ("[T]his Court agrees with other courts in this Circuit that the dismissal of class claims divests the district court of CAFA jurisdiction."); *Marquez v. DSW Shoe Warehouse, Inc.*, No. 20-CV-07759-JSW, 2021 WL 6200337, at *1 (N.D. Cal. Mar. 12, 2021) (same); *cf. Padron v. Onewest Bank*, No. 2:14-CV-01340-ODW, 2014 WL 1364901, at *5 (C.D. Cal. Apr. 7, 2014) (declining to exercise supplemental jurisdiction over plaintiff's individual claims and remanding to state court after dismissing all 120 other plaintiffs in case removed under CAFA's mass action provisions).

with other courts in this Circuit that dismissal of class claims divests the district court of CAFA jurisdiction," and held that "the only possible basis for exercising federal jurisdiction" over the remaining claims "[wa]s supplemental jurisdiction." *Id.* at *4, *5. Finding that the relevant factors weighed against retaining jurisdiction, the court declined to exercise supplemental jurisdiction and remanded to state court. *Id.* at *5–6.[2]

Here, the relevant factors likewise weigh in favor of declining to exercise supplemental jurisdiction. The "decision whether to continue to exercise supplemental jurisdiction over state law claims . . . lies within the district court's discretion." *Satey v. JPMorgan Chase & Co.*, 521 F.3d 1087, 1091 (9th Cir. 2008) (cleaned up); *see also Arroyo v. Rosas*, 19 F.4th 1202, 1210 (9th Cir. 2021) (a district court need not provide any explanation of its reasons if it invokes § 1367(c)(1)). In determining whether to exercise supplemental jurisdiction, the court weights "judicial economy, convenience, fairness, and comity," which typically "point toward declining to exercise jurisdiction over the [] state-law claims." *Id.* Judicial economy is not served by retaining jurisdiction at this early stage of litigation, where no responsive pleadings have been filed, nor any discovery begun. *See Long v. City of San Francisco*, No. 12-CV-01424-JCS, 2013 WL 4777061, *8 (N.D. Cal. Sept. 6, 2013) (finding remand of state law claims appropriate even at the summary judgement stage). Indeed, the State of California and several municipal plaintiffs recently filed a petition with the Judicial Council of California to coordinate similar complex cases asserting the same causes of action against the same defendants for the same wrongful conduct arising out of the fossil fuel company defendants' deception and failure to

[2] The authority Defendants cite from this circuit does not conflict with the reasoning in *Ramirez* and similar cases, but instead holds that a plaintiff may not change its class allegations to construct a class action that would not have been originally removable, or to skirt diversity. In *Broadway Grill, Inc. v. Visa Inc.*, the court held that "*citizenship of the class* for purposes of minimal diversity must be determined as of the operative complaint at the date of removal," and "an amendment changing *the nature of the class*" could not "divest the federal court of jurisdiction" because to do so would affirm exactly "what CAFA was intended to prevent." 856 F.3d 1274, 1278–79 (9th Cir. 2017) (emphasis added). Similarly in *Hicks v. Grimmway Enterprises, Inc.*, the court denied "leave to amend the complaint to *change the proposed class definition*," and proceed with its class action in state court. No. 22-CV-2038 JLS (DDL), 2023 WL 3319362, at *4 (S.D. Cal. May 9, 2023). And in *Chavez v. JPMorgan Chase & Co.*, 888 F.3d 413, 417 (9th Cir. 2018), the court held that a plaintiff's amendment to reduce the amount in controversy will not divest a court of diversity jurisdiction under § 1332(a) where its requirements were met at the time of removal. Each of these respond to the concern that a plaintiff would manipulate its allegations to pursue essentially the same removable case in state court, and preventing cases from being shuttled between state and federal court.

warn about the consequences of their products. All the relevant factors weigh in favor of returning this case to state court.

The Federation's case presents "novel or complex issues of State law," and, following amendment to remove any representative allegations, the Court should decline to exercise supplemental jurisdiction and remand to state court.

**Defendants' Position**[3]

There is no basis to remand this action based on Plaintiff's current complaint; Plaintiff admits as much in proposing to amend its complaint to remove the class-action allegations. But a post-removal amendment does not affect the Court's original subject-matter jurisdiction under the diversity-jurisdiction statute, and CAFA is a species of diversity jurisdiction: it is codified in paragraph (d) of 28 U.S.C. § 1332. The supplemental jurisdiction statute is therefore irrelevant. This Court's subject-matter jurisdiction is secure, under CAFA, based on the original complaint that Defendants removed to this Court.

As the Court correctly recognized in its Order, "[r]emoval jurisdiction is assessed based on the state of affairs at the time of removal." Order at 4 (citing *Broadway Grill, Inc. v. Visa Inc.*, 856 F.3d 1274, 1277 (9th Cir. 2017)). "[P]laintiffs' attempts to amend a complaint after removal to eliminate federal jurisdiction are doomed to failure." *Broadway Grill*, 856 F.3d at 1277 (reversing district court's order that remanded case, removed under CAFA, based on a post-removal amendment that eliminated the "minimal diversity" between defendant and class members that CAFA requires).[4] Other Circuits agree. *See id.* at 1278-79. There is "overwhelming and unanimous authority" on this point. *Louisiana v. Am. Nat'l Prop. & Cas. Co.*, 746 F.3d 633, 640 (5th Cir. 2014) (reversing district court's order remanding case, removed under CAFA, based on post-removal amendment that "dropped" the "class

---

[3] A number of Defendants contend that personal jurisdiction is lacking over them and that process and service of process were insufficient. These Defendants do not waive these objections, and will move to dismiss on these grounds at the appropriate time.

[4] *See also Hicks v. Grimmway Enterprises, Inc.*, No. 22-CV-2038 JLS (DDL), 2023 WL 3319362, at *3-7 (S.D. Cal. May 9, 2023) (denying plaintiff's motion for leave to amend complaint and motion to remand in CAFA-removed action based on proposed post-removal amendments that were "intended to eliminate minimal diversity, thereby stripping this Court of federal jurisdiction" and were thus "explicitly prohibited by Ninth Circuit precedent").

allegations")[5]; *see also, e.g.*, *In Touch Concepts, Inc. v. Cellco P'ship*, 788 F.3d 98, 100 (2d Cir. 2015) (affirming district court's exercise of jurisdiction over a case removed under CAFA consisting only of individual state-law claims that remained after plaintiff voluntarily "dropped all of the class-action allegations"); *In re Burlington N. Santa Fe Ry. Co.*, 606 F.3d 379, 380–81 (7th Cir. 2010) (reversing district court's order remanding case, removed under CAFA, based on a post-removal amendment that removed "the class allegations," since "jurisdiction under CAFA is secure").

As noted, CAFA is a species of diversity jurisdiction. It is well settled that diversity jurisdiction is established at the time of removal based on the removed complaint. Once established, diversity subject-matter jurisdiction cannot be eliminated by post-removal amendments to the complaint. *See Chavez v. JPMorgan Chase & Co.*, 888 F.3d 413, 417 (9th Cir. 2018) (citing *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 292-93 (1938)). Congress was well aware of this established rule and expressly incorporated it into CAFA by defining the key term "class action" by reference to the original complaint that was "filed" in state court. 28 U.S.C. § 1332(d)(1)(B); *see also Am. Nat. Prop. & Cas. Co.*, 746 F.3d at 639 ("[F]ederal jurisdiction under the statutory provision of CAFA is explicitly concerned with the status of an action when filed—not how it subsequently evolves."). The legislative history of CAFA confirms that Congress was well aware of the established rule (i.e., that diversity jurisdiction is established at the time of removal and cannot be ousted based on post-removal amendments) and that Congress intended for that rule to apply to cases removed under CAFA. *See* S. Rep. 109–14, at 70-71 (2005), *reprinted in* 2005 U.S.C.C.A.N. 3, 65 (reflecting concern about post-filing events affecting federal jurisdiction, and dismissing those concerns as unfounded because "[w]ell-established law exists to resolve these questions, and [CAFA] does not change—or even complicate—the answers to these questions"); *see also Am. Nat. Prop. & Cas. Co.*, 746 F.3d at 639

---

[5] In the *American National Property & Casualty Company* case, the plaintiff's individual state-law claims had been severed, by the district court, from the class-action claims. 746 F.3d at 634. The Fifth Circuit nevertheless held that the district court retained original subject-matter jurisdiction over those individual state-law claims because they had been removed under CAFA. *Id.* at 641 (the individual claims "clearly possessed original federal jurisdiction as an integrated part of the CAFA class action"). The Ninth Circuit has cited this reasoning with approval. *Herklotz v. Parkinson*, 848 F.3d 894, 898 (9th Cir. 2017) (noting that the district court, in the *American National Property & Casualty Company* case, "had original jurisdiction over the severed claims under the Class Action Fairness Act").

(relying in part on this legislative history to hold that "CAFA provides original jurisdiction, determined at the time of removal").

Many of the removal cases that Plaintiff cites were removed based on *federal-question* jurisdiction, under 28 U.S.C. § 1331, not *diversity* jurisdiction, under 28 U.S.C. § 1332.[6] In those cases, the plaintiffs had asserted two distinct kinds of causes of action in state court: federal causes of action and state-law causes of action. After removal, the only basis for the federal courts' subject-matter jurisdiction over the state-law causes of action was the supplemental-jurisdiction statute. 28 U.S.C. § 1367(a). In *those* sorts of cases, Congress has expressly provided that, if the federal causes of action are dismissed, then the district court "may decline to exercise supplemental jurisdiction" over the remaining state-law claims. *Id.* § 1367(c); *see also Harrell v. 20th Century Ins. Co.*, 934 F.2d 203, 205 (9th Cir. 1991) (after dismissing the federal causes of action, in a case removed based on federal-question jurisdiction, "[i]t is generally within a district court's discretion either to retain jurisdiction to adjudicate the pendent state claims or to remand them to state court").[7]

Plaintiff does not cite any case in which *state-law* causes of action were properly removed under CAFA and then remanded after the plaintiff dropped the "class allegations" that accompanied those state-law causes of action. As a reminder, in this case Plaintiff has pled a representative action that includes five putative state-law causes of action: one for "nuisance," and four for products-

---

[6] *City of Chicago*, 522 U.S. at 160 ("defendants … removed both lawsuits to the District Court for the Northern District of Illinois on the basis of federal question jurisdiction"); *Healthcare Ally Mgmt.*, 2022 WL 14518731, at *1 ("Aetna removed this case pursuant to federal question jurisdiction under 28 U.S.C. §§ 1331 and 1441"); *Perez*, 929 F. Supp. 2d at 1004 ("This Court had subject matter jurisdiction over the case at the time of removal because Plaintiffs' initial complaint asserted a cause of action under the [federal Truth in Lending Act]. *See* 15 U.S.C. § 1601. The remaining state law claims fell within this Court's supplemental jurisdiction . . . ."); *Long*, 2013 WL 4777061, at *5 ("After Plaintiff asserted § 1983 claims in his First Amended Complaint, Defendants removed this case to federal court" under federal-question jurisdiction). The other two federal-question cases cited by Plaintiff—*Satey* and *Arroyo*—were not even removal cases; they were originally filed in federal court based on federal-question jurisdiction over the federal causes of action. *Satey*, 521 F.3d at 1090 ("Satey sued . . . for violations of" federal and California fair-credit reporting and fair-debt collection laws "in the United States District Court for the Central District of California"); *Arroyo*, 19 F.4th at 1207 ("Plaintiff . . . filed the instant action in the U.S. District Court for the Central District of California" alleging violations of federal and California laws prohibiting discrimination against persons with disabilities).

[7] Defendants do not waive, and expressly re-incorporate by reference here, the federal-question bases for removal that were asserted in Defendants' notice of removal and further briefed in Defendants' opposition to remand.

liability. Plaintiff's proposed amended complaint will not dismiss any of those five causes of action. This Court therefore retains jurisdiction over them. *See United Steel, Paper & Forestry, Rubber, Mfg., Energy, Allied Indus. & Serv. Workers Int'l Union, AFL-CIO, CLC v. Shell Oil Co.*, 602 F.3d 1087, 1091–92 (9th Cir. 2010) (hereafter "*United Steel*") (in case removed under CAFA, district court retains subject-matter jurisdiction over plaintiffs' individual causes of action, originally pled on behalf of a class, even after denying class certification).

In the CAFA-removal cases that Plaintiff relies on, including *Ramirez*, the situation was very different. In each of those cases, the plaintiffs asserted two different kinds of state-law causes of action, only one of which (labor-law causes of action, pled as class actions on behalf of the defendants' current and former employees) was the basis for CAFA jurisdiction. Those labor-law causes of action were subsequently *dismissed* after removal, leaving only the plaintiffs' separate causes of action under California's Private Attorneys General Act ("PAGA").[8] There was no CAFA jurisdiction over the PAGA causes of action. *See Baumann v. Chase Inv. Servs. Corp.*, 747 F.3d 1117, 1124 (9th Cir. 2014) (PAGA causes of action are not "class actions" for purposes of CAFA). Because CAFA jurisdiction only extended to (1) the dismissed labor-law causes of action, which had been pled as class actions, the district courts had discretion whether to continue to exercise supplemental jurisdiction over (2) the PAGA causes of action. Here, of course, CAFA jurisdiction exists over all five of Plaintiffs' putative causes of action, all of which were pled as representative actions, and none of which will be dismissed in Plaintiff's proposed amended complaint. The cases that Plaintiff cites are therefore inapposite.

In the only Ninth Circuit CAFA opinion that Plaintiff cites—the unpublished *Echevarria* opinion—the Ninth Circuit made clear that nothing in its decision was contrary to the *United Steel*

---

[8] *Jimenez v. Young's Mkt. Co., LLC*, No. 21-CV-02410-EMC, 2021 WL 5999082, at *1 (N.D. Cal. Dec. 20, 2021) ("All class and individual claims were subsequently dismissed such that the only remaining cause of action is for civil penalties under PAGA."); *Marquez v. DSW Shoe Warehouse, Inc.*, No. 20-CV-07759-JSW, 2021 WL 6200337, at *1 (N.D. Cal. Mar. 12, 2021) ("Plaintiff stipulated to submit her individual, non-PAGA claims to arbitration and to dismiss the class claims, leaving only her PAGA claim as the sole remaining cause of action."); *Ramirez v. C&J Well Serv., Inc.*, No. CV 20-535 PSG (SSX), 2020 WL 6802021, at *2 (C.D. Cal. Nov. 19, 2020) ("Because Plaintiff does not oppose Defendant's motion to dismiss the class claims, the Court GRANTS Defendant's motion to dismiss those claims. . . . Thus, the only remaining cause of action is the PAGA claim."); *Echevarria v. Aerotek, Inc.*, No. 16-CV-04041-BLF, 2019 WL 3207812, at *1 (N.D. Cal. July 16, 2019) ("[T]he parties stipulated to Echevarria's dismissal of his individual and putative class claims, leaving only his PAGA claim for disposition.").

case, cited above, in which the Ninth Circuit had held that district courts retain subject-matter jurisdiction over all state-law causes of action that were pled as class actions and removed under CAFA:

> Aerotek's reliance on *United Steel v. Shell Oil Co.* is unavailing, as the claims there that gave rise to CAFA jurisdiction survived as individual claims. 602 F.3d 1087, 1090 (9th Cir. 2010). Here, in contrast, all of the claims giving rise to CAFA jurisdiction have been dismissed in their entirety. CAFA jurisdiction thus has been extinguished.

*Echevarria v. Aerotek, Inc.*, 814 F. App'x 321, 322 (9th Cir. 2020) (holding that CAFA did not provide jurisdiction over plaintiff's PAGA cause of action, which remained after plaintiff voluntarily dismissed the labor-law causes of action that had been pled as "class action" claims). Here, Plaintiff's proposed amended complaint will *not* "dismiss" Plaintiff's five putative state-law causes of action "in their entirety." *Id.* Plaintiff's amended complaint will only remove the *class action allegations* that previously accompanied those five state-law causes of action. Because Plaintiff's putative state-law causes of action will "survive[] as individual claims," *id.*, even after Plaintiff's proposed amendment, this Court's CAFA jurisdiction remains secure under *United Steel* and *Broadway Grill*.

The only other CAFA cases cited by Plaintiff are *Padron*, which was not a "class action" at all but was instead removed based on the distinct "mass action" provision of CAFA,[9] and *Frlekin v. Apple Inc.*, 2015 WL 435464. But *Frlekin* was not a removal case; it was originally filed in federal court. Removal jurisdiction is different from jurisdiction over cases originally filed in federal court. "[R]emoval cases raise forum-manipulation concerns that simply do not exist when it is the *plaintiff* who chooses a federal forum and then pleads away jurisdiction through amendment." *Rockwell Int'l Corp. v. United States*, 549 U.S. 457 n.6 (2007); *accord Broadway Grill*, 856 F.3d at 1277 (repeating this rationale for treating removed cases differently from cases originally filed in federal court); *see also Boelens v. Redman Homes, Inc.*, 759 F.2d 504, 507 (5th Cir. 1985) ("The rule that a plaintiff cannot oust removal jurisdiction by voluntarily amending the complaint . . . serves the salutary

---

[9] *Padron v. Onewest Bank*, No. 2:14-CV-01340-ODW, 2014 WL 1364901, at *1 (C.D. Cal. Apr. 7, 2014) (defendants "removed this action to this Court, invoking mass-action jurisdiction under the federal Class Action Fairness Act"); *see* 28 U.S.C. § 1332(d)(11) (CAFA's separate provision regarding "mass actions," defined as civil actions in which "monetary relief claims of 100 or more persons are proposed to be tried jointly"). *Padron* is irrelevant to this Court's jurisdiction under CAFA's "class action" provisions.

purpose of preventing the plaintiff from being able to destroy the jurisdictional choice that Congress intended to afford a defendant in the removal statute.”).

This Court correctly found that Defendants’ removal was proper because CAFA confers subject-matter jurisdiction over all five of Plaintiff’s putative state-law causes of action, each one of which was pled as a class action. As discussed above, CAFA is a species of diversity jurisdiction, and diversity jurisdiction is determined based on the complaint at the time of removal. Post-removal amendments cannot and do not alter diversity jurisdiction. Therefore, the discretion conferred by the supplemental-jurisdiction statute is irrelevant here. *See Am. Nat. Prop. & Cas. Co.*, 746 F.3d at 638 (CAFA provides original jurisdiction over individual state-law claims in a CAFA-removed case, without any need for the supplemental-jurisdiction statute; such individual state-law claims retain original jurisdiction even if severed from the class action); *Herklotz*, 848 F.3d at 898 (the Ninth Circuit agrees with this analysis in *American National Property & Casualty Company*).

Dated: November 28, 2023 Respectfully submitted,

By: */s/ Katie H. Jones*
**SHER EDLING LLP**
Victor M. Sher, SBN 96197
vic@sheredling.com
Matthew K. Edling, SBN 250940
matt@sheredling.com
Katie H. Jones, SBN 300913
katie@sheredling.com
Martin D. Quiñones, SBN 293318
marty@sheredling.com
Timothy R. Sloane, SBN 292864
tim@sheredling.com
Naomi Wheeler, SBN 342159
naomi@sheredling.com
100 Montgomery Street, Ste. 1410
San Francisco, CA 94104
Telephone: (628) 231-2500
Facsimile: (628) 231-2929

*Attorneys for Plaintiff Pacific Coast Federation of Fishermen’s Associations, Inc.*

By: ** */s/ Neal S. Manne*
**SUSMAN GODFREY L.L.P.**
Neal S. Manne, SBN 94101
nmanne@susmangodfrey.com
1000 Louisiana, Suite 5100
Houston, Texas 77002-5096
Telephone: (713) 651-9366
Facsimile: (713) 654-6666

Steven M. Shepard (*Pro Hac Vice*)
sshepard@susmangodfrey.com
1301 Avenue of the Americas, 32 FL
New York, NY 10019
Telephone: (212) 336-8330

Kemper P. Diehl (*Pro Hac Vice)*
kdiehl@susmangodfrey.com
401 Union Street, Suite 3000
Seattle, WA 98112
Telephone: (206) 516-3880

Michael Adamson, SBN 321753
madamson@susmangodfrey.com
1900 Avenue of the Stars Ste 1400
Los Angeles, CA 90067
Telephone: (310) 789-3187

*Attorneys for Defendants*

*Chevron Corporation and Chevron U.S.A., Inc*

**REED SMITH LLP**

__**/s/ *Raymond A. Cardozo*_______________

Raymond A. Cardozo (SBN 173263)
T. Connor O'Carroll (SBN 312920)
101 Second Street, Suite 1800
San Francisco, CA 94105-3659
Telephone: (415) 543-8700
Facsimile: (415) 391-8269
Email: rcardozo@reedsmith.com
Email: cocarroll@reedsmith.com

Steven M. Bauer
Margaret A. Tough
Nicole C. Valco
LATHAM & WATKINS LLP
505 Montgomery Street
Suite 2000
San Francisco, CA 94111-6538
Telephone: (415) 391-0600
Facsimile: (415) 395-8095
E-mail: steven.bauer@lw.com
E-mail: margaret.tough@lw.com
E-mail: nicole.valco@lw.com

Jameson R. Jones (*pro hac vice*)
Daniel R. Brody (*pro hac vice*)
BARTLIT BECK LLP
1801 Wewatta Street, Suite 1200
Denver, CO 80202
Telephone: (303) 592-3100
Facsimile: (303) 592-3140
Email: jameson.jones@bartlit-beck.com
Email: dan.brody@bartlit-beck.com

*Attorneys for Defendants CONOCOPHILLIPS and CONOCOPHILLIPS COMPANY*

**LATHAM & WATKINS LLP**

__**/s/ *Steven M. Bauer*__________________

Steven M. Bauer
Margaret A. Tough
Nicole C. Valco
505 Montgomery Street
Suite 2000

San Francisco, CA 94111-6538
Telephone: (415) 391-0600
Facsimile: (415) 395-8095
steven.bauer@lw.com
margaret.tough@lw.com
nicole.valco@lw.com

*Attorneys for Defendants Phillips 66, CONOCOPHILLIPS and CONOCOPHILLIPS COMPANY*

**VINSON & ELKINS L.L.P.**

*__**/s/ Patrick W. Mizell___________________*

Mortimer H. Hartwell
555 Mission Street, Suite 2000
San Francisco, CA 94105
Tel: (415) 979-6930
Fax: (415) 807-3358
mhartwell@velaw.com

Patrick W. Mizell, (*pro hac vice*)
845 Texas Avenue
Suite 4700
Houston, TX 77002
T: (713) 758-2932
F: (713) 615-9935
pmizell@velaw.com

*Attorneys for Apache Corporation*

**MORGAN, LEWIS & BOCKIUS LLP**

*__** /s/ David L. Schrader____________*

David L. Schrader
Deanne L. Miller
Yardena R. Zwang-Weissman
Morgan, Lewis & Bockius LLP
300 South Grand Avenue, 22nd Floor
Los Angeles, CA 90071-3132
Telephone: (213) 612-2500
david.schrader@morganlewis.com
deanne.miller@morganlewis.com
yardena.zwang-weissman@morganlewis.com

Duke K. McCall, III (*pro hac vice*)
Bryan Killian (*pro hac vice*)
Morgan, Lewis & Bockius LLP
1111 Pennsylvania Avenue, NW

Washington, DC 20004-2541
Telephone: (202) 739-3000
duke.mccall@morganlewis.com
bryan.killian@morganlewis.com

*Counsel for Defendants Occidental Petroleum Corporation, Occidental Chemical Corporation, Anadarko Petroleum Corporation*

**KIRKLAND & ELLIS LLP**

__**/s/ *Christopher W. Keegan*_______________

Christopher W. Keegan (SBN 232045)
KIRKLAND & ELLIS LLP
555 California Street
San Francisco, California 94104
Telephone: (415) 439-1400
Facsimile: (415) 439-1500
chris.keegan@kirkland.com

Anna G. Rotman, P.C. (*pro hac vice*)
Kenneth A. Young (*pro hac vice* forthcoming)
KIRKLAND & ELLIS LLP
609 Main Street
Houston, Texas 77002
Telephone: (713) 836-3600
Facsimile: (713) 836-3601
anna.rotman@kirkland.com
kenneth.young@kirkland.com

Bryan D. Rohm (*pro hac vice*)
TOTALENERGIES AMERICAN SERVICES, INC.
1201 Louisiana Street, Suite 1800
Houston, TX 77002
Telephone: (713) 647-3420
bryan.rohm@totalenergies.com

*Attorneys for Defendants TOTALENERGIES E&P USA, INC. and TOTALENERGIES MARKETING USA, INC.*

**MCGUIREWOODS LLP**

__***/s/ Gregory Evans*___________

Gregory Evans (SBN 147623)
Wells Fargo Center
South Tower
355 S. Grand Avenue, Suite 4200
Los Angeles, CA 90071-3103

Telephone: (213) 457-9844
Facsimile: (213) 457-9888
gevans@mcguirewoods.com

*Attorneys for Defendants*
*DEVON ENERGY CORPORATION and DEVON ENERGY PRODUCTION COMPANY, L.P.*

**O'MELVENY & MYERS LLP**

___***/s/ Dawn Sestito*____________
M. Randall Oppenheimer (SBN 77649)
Dawn Sestito (SBN 214011)
400 South Hope Street
Los Angeles, California 90071-2899
Telephone: (213) 430-6000
Facsimile: (213) 430-6407
roppenheimer@omm.com
dsestito@omm.com

Theodore V. Wells, Jr. (*pro hac vice*)
Daniel J. Toal (*pro hac vice*)
Yahonnes Cleary (*pro hac vice*)
Caitlin Grusauskas (*pro hac vice*)
PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP
1285 Avenue of the Americas
New York, NY 10019-6064
Telephone: (212) 373-3000
Facsimile: (212) 757-3990
twells@paulweiss.com
dtoal@paulweiss.com
ycleary@paulweiss.com
cgrusauskas@paulweiss.com

*Attorneys for Defendants*
*EXXON MOBIL CORPORATION and EXXONMOBIL OIL CORPORATION*

**ORRICK, HERRINGTON & SUTCLIFFE, LLP**

____***/s/ Catherine Y. Lui*____________
Catherine Y. Lui (SBN 239648)
The Orrick Building
405 Howard Street
San Francisco, CA 94105
Telephone: (415) 773-5571
Facsimile: (415) 773-5749
clui@orrick.com

Robert P Reznick (*pro hac vice*)
ORRICK, HERRINGTON & SUTCLIFFE, LLP
1152 15th Street, NW
Washington, DC 20005-1706
Telephone: (202) 339-8409
Facsimile: (202) 339-8500
rreznick@orrick.com

James Stengel (*pro hac vice*)
ORRICK, HERRINGTON & SUTCLIFFE, LLP
51 West 52nd Street
New York, NY 10019-6142
Telephone: (212) 506-3775
Facsimile: (212) 506-5151
jstengel@orrick.com

*Attorneys for Defendants*
*MARATHON OIL CORPORATION and MARATHON OIL COMPANY*

**ARNOLD & PORTER KAYE SCHOLER LLP**

__***/s/ Jonathan W. Hughes*__________
Jonathan W. Hughes (SBN 186829)
jonathan.hughes@arnoldporter.com
Three Embarcadero Center, 10th Floor
San Francisco, CA 94111-4024
Telephone:415-471-3100
Facsimile: 415-471-3400

John D. Lombardo (SBN 187142)
john.lombardo@arnoldporter.com
777 South Figueroa Street, 44th Floor
Los Angeles, California 90017-5844
Telephone:213-243-4000
Facsimile:213-243-4199

Nancy G. Milburn (pro hac vice)
nancy.milburn@arnoldporter.com
250 West 55th Street
New York, New York 10019-9710
Telephone: 212-836-8000
Facsimile: 212-715-1399

*Attorneys for Defendants BP p.l.c. and BP America Inc.*

**BAKER BOTTS L.L.P.**

___**/s/ J. Scott Janoe__________
Megan Berge (CA Bar No. 332536)
101 California Street, Suite 3200
San Francisco, CA 94111
Telephone: (202) 639-1308
Facsimile: (202) 639-1171
megan.berge@bakerbotts.com

J. Scott Janoe (*pro hac vice*)
910 Louisiana Street
Houston, Texas 77002-4995
Telephone: (713) 229-1553
Facsimile: (713) 229-7953
scott.janoe@bakerbotts.com

Sterling Marchand (*pro hac vice*)
700 K Street, N.W.
Washington, D.C. 20001
Telephone: (202) 639-1113
Facsimile: (202) 508-9313
sterling.marchand@bakerbotts.com

*Attorneys for Defendants*
*Repsol Energy North America Corp., Repsol S.A., and Hess Corp.*

**LAFAYETTE KUMAGAI LLP**

___**/s/ Gary T. Lafayette______________
Gary T. Lafayette (SBN 88666)
Brian H. Chun (SBN 215417)
LAFAYETTE KUMAGAI LLP
1300 Clay Street, Suite 810
Oakland, California 94612
Telephone: (415) 357-4600
Facsimile: (415) 357-4605
glafayette@lkclaw.com
bchun@lkclaw.com

David C. Frederick (*pro hac vice*)
James M. Webster, III (*pro hac vice*)
Daniel S. Severson (*pro hac vice*)
KELLOGG, HANSEN, TODD, FIGEL & FREDERICK, P.L.L.C.
1615 M Street, N.W., Suite 400
Washington, D.C. 20036

Telephone: (202) 326-7900
Facsimile: (202) 326-7999
dfrederick@kellogghansen.com
jwebster@kellogghansen.com
dseverson@kellogghansen.com

*Attorneys for Defendants*
*SHELL PLC (F/K/A ROYAL DUTCH SHELL PLC) and SHELL OIL PRODUCTS COMPANY LLC*

**WHITE & CASE LLP**

___***/s/ Bryan A. Merryman*________
Bryan A. Merryman (SBN 134357)
555 South Flower Street, Suite 2700
Los Angeles, CA 90071
Telephone: (213) 620-7700
Facsimile: (213) 452-2329
bmerryman@whitecase.com

*Attorneys for Defendant*
*ENI OIL & GAS INC.*

**EIMER STAHL LLP**

__***/s/ Robert E. Dunn*____________
Robert E. Dunn (SBN 275600)
99 S. Almaden Blvd. Suite 600
San Jose, CA 95113
Telephone: (408) 889-1690
Facsimile: (312) 961-3204
rdunn@eimerstahl.com

Nathan P. Eimer (*pro hac vice*)
Lisa Meyer (*pro hac vice*)
EIMER STAHL LLP
Suite 1100
224 South Michigan Avenue
Chicago, IL 60604
Telephone: (312) 660-7605
Facsimile: (312) 692-1718
neimer@EimerStahl.com
lmeyer@EimerStahl.com

Craig A. Moyer (SBN 094187)
Peter Duchesneau (SBN 168917)
MANATT, PHELPS & PHILLIPS, LLP
2049 Century Park East
Suite 1700

Los Angeles, CA 90067
Telephone: (310) 312-4000
Facsimile: (310) 312-4224
cmoyer@manatt.com
pduchesneau@manatt.com

*Attorneys for Defendant*
*CITGO PETROLEUM CORPORATION*

**SHOOK HARDY & BACON LLP**

__*_**/s/ Michael F. Healy*__________
Michael F. Healy (SBN 95098)
555 Mission Street, Suite 2300
San Francisco, California 94105
Telephone: (415) 544-1942
mfhealy@shb.com

Michael L. Fox (SBN 173355)
DUANE MORRIS LLP
Spear Tower
One Market Plaza, Suite 2200
San Francisco, CA 94105-1127
Telephone: (415) 957-3092
MLFox@duanemorris.com

*Attorneys for Defendant*
*OVINTIV CANADA ULC (fka "ENCANA CORPORATION")*

**HUNTON ANDREWS KURTH LLP**

___*_**/s/ Shannon Broome*__________
Shannon S. Broome (SBN 150119)
HUNTON ANDREWS KURTH LLP
50 California Street, Suite 1700
San Francisco, CA 94111
Tel: (415) 975-3718
Fax: (415) 975-3701
SBroome@HuntonAK.com

Ann Marie Mortimer (SBN 169077)
HUNTON ANDREWS KURTH LLP
550 South Hope Street, Suite 2000
Los Angeles, CA 90071
Tel: (213) 532-2103
Fax: (213) 312-4752
AMortimer@HuntonAK.com

Shawn Patrick Regan (*pro hac vice*)
HUNTON ANDREWS KURTH LLP
200 Park Avenue
New York, NY 10166
Tel: (212) 309-1046
Fax: (212) 309-1100
SRegan@HuntonAK.com

*Attorneys for Defendant*
*MARATHON PETROLEUM CORPORATION*

** Pursuant to Civ. L.R. 5-1(i)(3), the electronic signatory has received confirmation that approval has been received from this signatory.